

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00167-CV

## IN THE MATTER OF THE MARRIAGE OF
## JAMES VAUGHN IV AND AMBER VAUGHN

### From the 369th District Court
### Leon County, Texas
### Trial Court No. CV20-0222

## A B A T E M E N T   O R D E R

On July 14, 2021, Appellant James Vaughn IV (James) filed a notice of appeal. James did not pay the filing fee at that time.

On July 28, 2021, James filed with this Court a Statement of Inability to Afford Payment of Court Costs. On August 12, 2021, this Court issued an order concluding that James "may proceed with this appeal without payment of costs in this Court, including the $205.00 filing fee." *See* TEX. R. APP. P. 20.1(a) (defining "costs" as "filing fees charged by the appellate court"); *id.* R. 20.1(c) ("An appellate court may permit a party who did not file a Statement of Inability to Afford Payment of Court Costs in the trial court to

proceed without payment of costs.").  On August 13, 2021, James filed with the trial court the same Statement of Inability to Afford Payment of Court Costs.

On November 19, 2021, Appellee Amber Vaughn (Amber) filed with this Court a sworn "Motion to Require Payment of Costs Pursuant to Rule 145 of the Texas Rules of Civil Procedure and Rule 20 of the Texas Rules of Appellate Procedure."  The motion remains pending.  That same day, Amber also filed in the trial court a sworn "Motion to Require Payment of Costs Pursuant to Rule 145 of the Texas Rules of Civil Procedure," contesting James's alleged inability to afford payment of court costs.

Following a hearing on January 27, 2022, the trial court signed on February 7, 2022, an "Order on Motion for Payment of Costs Under TRCP 145."  The order states in relevant part:

> After considering the motion, response, pleadings, evidence and the arguments of counsel, the court is of the opinion the Motion for Payment of Costs by James R. Vaughn, IV is well founded and that James R. Vaughn IV could afford to pay costs at the time each costs [sic] as defined by Rule 145(a) of the Texas Rules of Civil Procedure was incurred.
>
> THEREFORE, IT IS ORDERED that James R. Vaughn, IV pay all costs incurred by him in the total amount of $1,825.33 as set forth on the attached Bill of Costs within 30 days from the entry of this Order.
>
> IT IS FURTHER ORDERED that James R. Vaughn, IV pay all future costs at the time such costs is [sic] incurred.

The order does not contain an attached "Bill of Costs."

On February 16, 2022, James timely filed a "Motion for Appellate Review" in this Court in accordance with Rule of Civil Procedure 145(g), challenging the trial court's

order.  *See* TEX. R. CIV. P. 145(g).  And we have now received the record of all trial court proceedings on James's claim of indigence.  *See id.* R. 145(g)(3).

James first argues in his motion that the trial court's order violates Rule of Civil Procedure 145(f)(2) because the order does not contain detailed findings of fact supporting that he can pay costs.  We agree.  Rule of Civil Procedure 145(f)(2) states: "An order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs."  *Id.* R. 145(f)(2).  Here, the trial court made no findings of fact in its order or otherwise to support its conclusion that James can afford to pay costs.

We therefore abate this cause to the trial court to make the findings required by Rule of Civil Procedure 145(f)(2) within 49 days of the date of this Order.

The trial court clerk is ORDERED to file a supplemental clerk's record containing the trial court's findings within 56 days of the date of this Order.

PER CURIAM

Before Chief Justice Gray and
        Justice Smith
Order issued and filed August 4, 2022
RWR



In re Marriage of Vaughn                                                                 Page 3